UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WARD-EL, #240660,

                Plaintiff,

                                        Case No. 12-14729

v.

                                        Honorable Patrick J. Duggan

TEMP. SGT. O'CONNOR, SGT. M. MARSH,
LT. J. HOWARD, WARDEN S.L. BURT,

                Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan

prisoner Nathaniel Ward-El ("Plaintiff"), currently confined at the Cooper Street

Correctional Facility in Jackson, Michigan, alleges that he has been subject to verbal

harassment and that prison officials have failed to properly respond to his complaints and

grievances. Plaintiff names Sergeant O'Connor, Sergeant Marsh, Lieutenant J. Howard,

and Warden S.L. Burt as defendants and sues them in their personal capacities. He seeks

injunctive relief, monetary damages, and other appropriate relief. The Court has granted

Plaintiff leave to proceed without prepayment of the fees and costs for this action. *See* 28

U.S.C. § 1915(a)(1).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required

to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief against a defendant who is immune from such

relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly

required to dismiss a complaint seeking redress against government entities, officers, and

employees which it finds to be frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis

either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733

(1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  Rule 8 "demands more

than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  While a complaint need not contain

"detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to

relief "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted).  "Factual

allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*

at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).  A *pro se* civil rights

complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct.

594, 596 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34  (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, Plaintiff alleges that Defendant O'Connor (and/or other corrections officers) violated his constitutional rights by engaging in acts of verbal harassment. However, allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987).  Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (ruling that verbal threats and abuse made in retaliation for filing grievances are not actionable).  Plaintiff's allegations of verbal harassment or threats thus fail to state a claim upon which relief may be granted under § 1983.

Plaintiff also alleges that Defendants Marsh, Howard, and Burt violated his constitutional rights by failing to properly investigate his complaints and by denying his grievances.  To the extent that Plaintiff alleges a violation of his right to file a meaningful grievance for redress against the government and asserts that certain defendants failed to adequately respond to his concerns, his claims must be dismissed.

The First Amendment guarantees "the right of the people . . . to petition the

3

Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a

First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203

F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative

obligation on the government to consider, respond to, or grant any relief on a petition for

redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S.

463, 464-65, 99 S. Ct. 1826 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

("A citizen's right to petition the government does not guarantee a response to the petition

or the right to compel government officials to act on or adopt a citizen's views.").

Moreover, a prisoner does not have a constitutionally-protected interest in an inmate

grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of

Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430

(6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with the

defendants' investigation of his complaints and their responses to his grievances, he fails

to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x

642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon failure to investigate

grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009)

(Borman, J., adopting magistrate judge's report).

Additionally, Defendants Marsh, Howard, and Burt cannot be held liable for

alleged misconduct by another defendant. It is well-settled that a civil rights plaintiff

must allege the personal involvement of a defendant to state a claim under § 1983. *See*

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 1018, 2036-38 (1978)

4

(holding that § 1983 liability cannot be based upon a theory of *respondeat superior*);

*Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *Taylor v. Michigan Dep't of*

*Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (explaining that the plaintiff must allege facts

showing that the defendant participated, condoned, encouraged, or knowingly acquiesced

in misconduct to establish liability).  Plaintiff has not alleged personal involvement by

Defendants Marsh, Howard, or Burt in his pleadings.  Any claim that these defendants

failed to properly supervise another employee, should be vicariously liable for another

employee's actions or inaction, and/or did not properly respond to the situation is

insufficient to state a claim under § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th

Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

For these reasons, Plaintiff's Complaint must be summarily dismissed.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court further

concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C.

§ 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated: November 9, 2012                         s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Nathaniel Ward-El, #240660
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201

5